IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN LANDEROS,

    Plaintiff,

vs.

C/O ROBINSON, et al.,

    Defendants.

CV F 04 5448 REC WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff, an inmate in the custody of the California Department of Corrections at the Correctional Training Facility at Soledad, brings this civil rights action against defendant Correctional Officer Robinson, an employee of the Department of Corrections at the California Correctional Institution at Tehachapi.[1]

    Plaintiff's allegations in this complaint relate to the conduct of defendant Robinson while

---

[1] Plaintiff indicates that he is representing himself and his wife, Ms. Ethridge. Plaintiff is a non-lawyer proceeding without counsel. Plaintiff has not indicated that he is licensed to practice law in California. Further, the complaint is not signed by plaintiff or Ms. Ethridge. The court will therefore construe this as a civil rights action brought against defendant Robinson by plaintiff Ruben Landeros.

1

plaintiff was housed at Tehachapi.[2] Plaintiff alleges that he has been harassed by defendant Robinson. The specifics of the allegations are that on October 13, 2004, Robinson ended a visit that plaintiff had with Ms. Ethridge. Robinson questioned plaintiff about a scratch on his neck, had plaintiff placed in a holding cage, and cancelled the visit.

A few days later, Robinson informed plaintiff that he would cancel plaintiff's visiting privileges for 90 days. Robinson made comments to plaintiff regarding Ms. Ethridge, and told plaintiff that he visited her place of work, and that she "looked real cold while looking at my upper chest area."

Plaintiff alleges that on November 12, 2003, Robinson refused to allow Plaintiff's minor children to visit, and "made false statements that he had information that I was beating my spouse and that was the reason they can't visit." Plaintiff alleges that another inmate has had similar experiences with defendant Robinson.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Due Process Clause protects prisoners from being deprived of life, liberty or property without due process of law. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989). In order to state a cause of action for deprivation of procedural due process, a

---

[2]Though plaintiff refers to "defendants" in his compliant, he only alleges facts indicating conduct by defendant Robinson.

plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460 (quoting <u>Hewitt</u>, 459 U.S. at 468). With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484. Here, the facts alleged indicate that Ms. Ethridge was temporarily denied visitation, and that Plaintiff's minor children were denied visitation on a single date. Such allegations fail to state a claim upon which relief could be granted.

As to the verbal harassment by Robinson, mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). The only conduct charged to Robinson regarding harassment is verbal. This claim therefore fails. Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 20, 2006**              **/s/  William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE